# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | Case No. 1:22-cv-00956-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO RETURN CASE TO SACRAMENTO DIVISION |
| v. | |
| ZYDUS PHARMACEV, *et al.*, | (ECF No. 7) |
| Defendants. | |

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred from the Sacramento Division of the United States District Court for the Eastern District of California to the Fresno Division on August 2, 2022. Plaintiff has not paid the $402.00 filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Currently before the Court is Plaintiff's motion to return case to Sacramento Division, filed August 25, 2022. (ECF No. 7.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a

1

1  substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C.
2  § 1391(b).  The party seeking the transfer must meet an initial threshold burden by demonstrating
3  that the action could have been brought in the proposed transferee district.  28 U.S.C. § 1391(b);
4  28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole*
5  *Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

6  The events at issue in this action, beginning on or about March 4, 2020, primarily
7  occurred while Plaintiff was housed at California State Prison Corcoran ("CSPC") in Corcoran,
8  California in Kings County, which is located within the boundaries of the Fresno Division of the
9  Eastern District of California.  (ECF No. 1, p. 3.)  Plaintiff names as defendants various
10 corporations that contract with CDCR to manufacture pharmaceuticals and with unknown places
11 of business, as well as individual defendants who are all alleged to work at CSPC.  (*Id.* at 3–4.)

12 Plaintiff argues that the complaint seeks injunctive relief to redress ongoing violations at
13 California State Prison Sacramento ("CSPS"), where he was housed at the time the complaint was
14 filed.  Plaintiff refers to a footnote in the complaint where he notes that "other instances took
15 place at Cal. State Prison Sacramento (CSPS.) Where Plaintiff is currently housed."  (*Id.* at 2,
16 n.1.)  Plaintiff also refers to three paragraphs at the end of his complaint that set forth additional
17 allegations against defendants employed at CSPS that occurred on a single date—May 27,
18 2022—to demonstrate that his claims are ongoing at his present institution.  (*Id.* at 45–46.)

19 However, there is no indication that "a substantial part" of the events giving rise to this
20 suit have taken place within the boundaries of the Sacramento Division.  The fact that Plaintiff
21 wishes to bring claims against defendants at a different institution due to alleged "ongoing"
22 violations of a similar nature, does not mean that "a substantial part" of the events giving rise to
23 the suit occurred at the new institution.  At this time, the Court also expresses no opinion as to
24 whether these claims are appropriately joined to the initial claims in this action.

25 Where the complaint raises allegations pertaining to events occurring in the Fresno
26 Division from approximately March 2020 through May 2022, Plaintiff's claims of ongoing
27 violations by defendants employed at a different institution arising on a single day in May 2022,
28 is not sufficient justification to transfer this action to the Sacramento Division.  Therefore, venue

remains appropriate in the Fresno Division of this district.

Accordingly, Plaintiff's motion to transfer venue, (ECF No. 19), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 30, 2022**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE