# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>       Plaintiff,<br><br>    v.<br><br>ZYDUS PHARMACEV, *et al.*,<br><br>       Defendants. | Case No. 1:22-cv-00956-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 15, 2022 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) The action was transferred to the Fresno Division on August 2, 2022. (ECF No. 4.)

Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, filed September 19, 2022. (ECF No. 11.)

**II.     Plaintiff Has Accumulated Three "Strikes" Pursuant to 28 U.S.C. § 1915(g)**

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

1

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

### III.   Plaintiff Fails to Satisfy the Imminent Danger Exception

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).

### A.   Summary of the Complaint

In the complaint, Plaintiff names as defendants various corporations that contract with CDCR to manufacture and distribute pharmaceuticals, individuals employed at California State Prison – Corcoran ("CSP – COR"), and individuals employed at California State Prison – Sacramento ("CSP – SAC"). The greater part of the complaint alleges that on March 4, 2020, while Plaintiff was housed at CSP – COR, Plaintiff's psych medication (Effexor) was changed from a gray and white pill to an all-pink pill that caused adverse side effects, including a substantial upset stomach all day, drowsiness, and a feeling of being "high" rather than the stable

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Hammler v. Director of CDCR*, Case No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim); (2) *Hammler v. Kernan*, Case No. 3:18-cv-01170-DMS-NLS (S.D. Cal.) (dismissed on May 17, 2019 for failure to state a claim and as frivolous); (3) *Hammler v. Hudson*, Case No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 for failure to exhaust clear from the face of the complaint and attachments thereto); (4) *Hammler v. Hough*, Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state a claim and as frivolous); (5) *Hammler v. Director of CDCR*, Case No. 2:17-cv-01949-MCE-DB (E.D. Cal.) (dismissed on March 25, 2020 as frivolous); (6) *Hammler v. Peterson*, Case No. 2:19-cv-00524-MCE-CKD (E.D. Cal.) (dismissed on May 5, 2020 for failure to state a claim); (7) *Hammler v. Baugham*, Case No. 2:19-cv-00245-TLN-CKD (E.D. Cal.) (dismissed on June 4, 2020 for failure to state a claim); (8) *Hammler v. Oliveira*, Case No. 1:19-cv-00417-DAD-JLT (E.D. Cal.) (dismissed on June 4, 2020 for failure to state a claim); (9) *Hammler v. State of Cal.*, Case No. 1:20-cv-00630-DAD-GSA (E.D. Cal.) (dismissed on October 30, 2020 for failure to exhaust clear from the face of the complaint); and (10) *Hammler v. Katz*, Case No. 2:19-cv-00467-TLN-CKD (E.D. Cal.) (dismissed on January 15, 2021 for failure to state a claim). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (complaint may be subject to dismissal for failure to state a claim where failure to exhaust is clear from the face of the complaint); *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).
The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Hammler v. Hough*, Case No. 19-55732 (9th Cir.) (dismissed on January 9, 2020 as frivolous); and (2) *Hammler v. Peterson*, Case No. 20-16093 (9th Cir.) (dismissed on February 22, 2021 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims. Furthermore, the Court has reviewed the entirety of Plaintiff's 57-page complaint, although the Court has not yet ruled on Plaintiff's motion to file a complaint in excess of 25 pages. (ECF No. 2.)

plateau the gray and white pill provided.  (ECF No. 1, p. 7.)  Thereafter, Plaintiff details his efforts from March 2020 through May 2020 to be returned to the gray and white Effexor pills to avoid the adverse side effects, further alleging that during these attempts he was retaliated against by individual defendants at CSP – COR and alleging that they failed to treat him by refusing to return him to the gray and white Effexor pills, provide his required dosage of the medication, or document his requests in his medical records.  (*Id.* at 7–38.)  Plaintiff then alleges that on various dates between November 10, 2020 and February 3, 2021, CSP – COR Psych Techs retaliated against him for filing complaints regarding his earlier claims by mishandling his medications.  Specifically, Plaintiff alleges that rather than popping the Effexor pills directly from the package into the pill cups, the Psych Techs would pop the Effexor into their hands (sometimes ungloved) and then place the pill into the cup, possibly tainting the pill with COVID-19.  On other dates, a Psych Tech would drag their finger inside the cup with the pill inside to toy with Plaintiff, or would scratch their face with a gloved hand before touching the pill.  (*Id.* at 38–44.)  Plaintiff alleges that this mishandling of medications places him in imminent danger of contracting COVID-19 and subjecting Plaintiff to long-term damages to his physical condition, as well as chemical balance via recurring withdrawals from his medication, because he cannot take medication that has been mishandled.  (*Id.* at 44.)

In the final pages of the complaint, Plaintiff alleges that the danger he faces is imminent and ongoing because on May 27, 2022, while housed at CSP – SAC, he was placed on quarantine after being exposed to the new variant of COVID-19 by Defendant Jane Doe 1, who passed out medication on that date.  (*Id.* at 45.)  Plaintiff alleges that Defendant Jane Doe 1 also refused to forego touching the medication and the inside of the pill cups used to convey pills to Plaintiff, that she knew that she was not to do this because she could give or expose Plaintiff to COVID-19, and that she did expose him to COVID-19 by her indifference.  (*Id.* at 46.)

**B.    Legal Standard**

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  *Andrews*, 493 F.3d at 1053.  "Imminent danger of serious physical injury must be a real, present threat, not merely

3

speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Furthermore, "in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

**C.   Discussion**

Plaintiff's complaint was filed on July 15, 2022, while he was housed at CSP – SAC. (ECF No. 1.) As such, none of the allegations related to events that occurred while Plaintiff was housed at CSP – COR, from approximately March 2020 through February 2021, are sufficient to meet the imminent danger exception at the time the complaint was filed. *Andrews* 493 F.3d at 1053. At the time of filing, Plaintiff was no longer housed at the institution where these alleged violations occurred.

To the extent Plaintiff alleges that he was in imminent danger of serious physical injury at the time the complaint was filed, due to the actions of defendants employed at CSP – SAC, the Court finds that Plaintiff has presented only speculative or hypothetical threats. Plaintiff alleges that on May 27, 2022, he was quarantined due to possible exposure to COVID-19, due to Defendant Jane Doe 1 mishandling his pills and potentially contaminating them with COVID-19. However, in light of Plaintiff's allegations that he was subjected to similar mishandling of his medication while housed at CSP – COR and CSP – SAC, that he has not yet contracted COVID-19 (ECF No. 1, p. 40), and that he was apparently quarantined immediately after potential exposure to COVID-19, it appears that such mishandling did not place Plaintiff in imminent danger of contracting COVID-19. Furthermore, while the Court takes Plaintiff's well-pleaded factual allegations as true, and assuming without deciding that Plaintiff contracting COVID-19

4

would constitute "serious physical injury," the Court is not required to accept Plaintiff's conclusory statement that mishandling of his medications places him in "imminent danger" of contracting COVID-19. On that basis, the Court finds that Plaintiff's conclusory allegation of possible future harm resulting from mishandling of his medication, is insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g).

Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

## IV.  Recommendation

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 11), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 20, 2022**     /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

5