**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>ZYDUS PHARMACEV, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00956-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(Docs. 11, 12)<br><br>**21-DAY DEADLINE** |

    The assigned magistrate judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $402.00 filing fee in full to proceed with this action. (Doc. 12.) Plaintiff timely filed objections to the findings and recommendations on October 7, 2022. (Doc. 13.)

    In his objections, Plaintiff contends that he has plead facts satisfying the imminent danger exception on page 5 of the complaint. Those allegations read as follows:

> Each of the Defendant(s) are alleged to have had actual knowledge of the fact that Plaintiff has a pre-existing Heart Condition called Wolf Parkinsons White (WPW) a condition that evidences complications via Plaintiff's becoming Dizzy for his Equilibrium being effected by Irregular Heart Beat that can end in Sudden Death. Further, all Defendants knew and to date know that if Plaintiff is caused to go without his Medication, i.e. Effexor, and begins to go through Withdrawals his Equilibrium becomes effected and mimics symptoms of WPW and Possible

> Death.
>
> Moreover, each of the Defendant(s) had and have to date the actual Knowledge that Plaintiff is unvaccinated to Covid-9 for Primary Reason that he has WPW, and the Vacines can harden Heat and Arteries Leading to Death but have in instance(s) alleged below unreasonably exposed Plaintiff to Covid-19 via their Deliberately Indifferent to all the above and in on-going manner exposed Plaintiff to the New Variant on 5/27/2022 via meds being handled in negligent manner that has been continually pointed out to all, even just few day prior Quarantining him on 5/27/22.

(Doc. 1 at 5 (unedited text).)  Plaintiff then argues that the magistrate judge failed to consider his heart condition in finding that he did not allege that he was in imminent danger of serious physical injury at the time the complaint was filed.  (Doc. 13 at 2.)

Plaintiff's objections are unpersuasive.  As discussed in the findings and recommendations, it appears that Plaintiff is arguing that he was placed in imminent danger of serious physical injury because staff were mishandling his medications in ways that potentially exposed him to COVID-19, such as by touching the pills with ungloved hands  As noted by the magistrate judge, Plaintiff alleges that he was subjected to mishandling of his medication from approximately March 2020 through February 2021 while housed at CSP – COR, and again on May 27, 2022, while housed at CSP – SAC.  (Doc. 12 at 4.)  The undersigned shares the magistrate judge's opinion that these allegations are conclusory and therefore are insufficient to establish imminent danger.

Alternatively, Plaintiff now appears to allege that he was placed in imminent danger because his pre-existing heart condition made it dangerous to go without his medication. Although Plaintiff's heart condition is not explicitly referenced in the findings and recommendations, the Court does not find that these allegations support a finding of imminent danger of serious physical injury at the time the complaint was filed. Plaintiff does not allege in his complaint that he actually experienced any adverse side effects related to his heart condition as a result of missing doses of his medication.  Thus, Plaintiff fails to allege any imminent danger related to missing his heart medication.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 20, 2022, (Doc. 12), are **ADOPTED IN FULL**.
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (Doc. 11), is **DENIED**.
3. **Within 21 days** following the date of service of this order, Plaintiff shall pay the $402.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated: __October 12, 2022__                                 /s/ Jennifer L. Thurston
                                                                                UNITED STATES DISTRICT JUDGE